UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 8:07-cr-01362-GRA-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Demani Jawara Bosket, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant Demani Jawara Bosket's Motion to Dismiss Indictment for Lack of Jurisdiction. For the reasons stated below, Defendant's Motion is DENIED.

**Background**

On November 13, 2007, Defendant was indicted for knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

At trial, the parties stipulated that Defendant was a felon and that the weapon and ammunition traveled in and affected interstate commerce. (Tr. of Trial 6:8–13, May 27, 2008, ECF No. 94.) Thus, the only issue for the jury to decide was whether Defendant possessed the weapon. On May 27, 2008, the jury convicted Defendant. On August 25, 2008, this Court sentenced Defendant to

ninety-six (96) months imprisonment. The Fourth Circuit Court of Appeals affirmed Defendant's conviction on December 15, 2009. *See United States v. Bosket*, 356 F. App'x 648 (4th Cir. 2009) (ECF No. 115).

On January 21, 2010, Defendant filed the current Motion, raising the following grounds for relief:

> (1)   Because there was no conclusive evidence that the firearm belonged to Defendant, there is no federal jurisdiction and this case should be dismissed; and
>
> (2)   Defendant was deprived of his Sixth Amendment right to receive effective assistance of counsel because his attorney did not raise the lack of jurisdiction.

This Court sent Defendant an order on January 26, 2010, advising him that it intended to construe Defendant's motion as one under 28 U.S.C. § 2255 absent Defendant's objection. Defendant replied on February 16, 2010, stating that he did not wish the Court to construe his motion as a § 2255 petition. However, on February 17, 2010, this Court ordered the Government to respond to Defendant's § 2255 petition. On March 5, 2010, the Government filed a Response to the § 2255 petition and also moved for summary judgment. This Court sent Defendant a *Roseboro* order on March 8, 2010, notifying him of the summary judgment procedures. Defendant filed a response to the Government's summary judgment motion on March 29, 2010. On April 1, 2010, this Court granted the Government's summary judgment motion and dismissed Defendant's § 2255 petition.

Defendant appealed that order, and, on January 18, 2011, the Fourth Circuit vacated this Court's order and remanded this case for the purpose of providing Defendant the "opportunity to either proceed with his original motion as styled, or to accept recharacterization and amend his motion so that it contains all the § 2255 claims he believes he has." *United States v. Bosket*, No. 10-6678, 2010 WL 5588670, at *1 (4th Cir. Jan. 18, 2011) (ECF No. 146).

In compliance with that directive, this Court issued an order on January 19, 2011, providing Defendant twenty (20) days from the date the order was entered to inform this Court, in writing, if he wished the Court to proceed with his original motion (Mot. to Dismiss for Lack of Jurisdiction, Jan. 21, 2010, ECF No. 118) as styled or if he instead accepted the recharacterization of his motion as a § 2255 petition and wished to amend it. (Order, ECF No. 147.) Attached to that January 19, 2011 order were the statutory and procedural limitations on § 2255 petitions. (*See* Order, ECF No. 119.)

In a letter dated January 31, 2011, Defendant responded as follows:

> I rec[ei]ved your letter in reference [to] the motion I filed last year about this time.  Thanks for finally getting to my motion in [an] exceptional amount of time.  Also[,] thanks for asking my permission to construe my motion [as] a §2255, but no thanks. I will file a proper § 2255[] in a timely manner.

(Letter, Jan. 31, 2011, ECF No. 149.)

As such, the Court will rule on the Motion as styled.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

However, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The liberal construction requirement means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

In his Motion, Defendant claims that there is no evidence that he possessed a firearm; therefore, there was no federal jurisdiction. He further states that there is no territorial jurisdiction, and he "questions the effectiveness of his counsel. . .

." (*See* Mot. 1–3, ECF No. 118.)  Accordingly, Defendant argues this Court should "release[] [him] from custody forthwith."  (*Id.* at 3.)

Generally, a motion alleging a defect in an indictment must be filed pre-trial, "but at any time *while the case is pending*, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction . . . ."  Fed. R. Crim. P. 12(b)(3)(B) (emphasis added).  Defendant filed this Motion after the Fourth Circuit affirmed his conviction.  Thus, Defendant's case "was not 'pending' within the meaning of Rule 12(b)(3)(B)."  *United States v. Wellons*, 289 F. App'x 383, 284 (11th Cir. 2008) (per curiam); *see also United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (holding that because the proceeding that led to the defendant's conviction and sentence was no longer pending, the district court properly denied the Rule 12(b)(3) motion); *United States v. Davis*, No. 5:93-cr-30025, 2001 WL 34610594, at *1 (W.D. Va. Feb. 23, 2001) ("Surely, the defendant's recent motion cannot be considered timely under Rule 12(b)[(3)] as it was filed well after the conclusion of the proceedings in this case.").  Therefore, Defendant's Motion is untimely.

However, in an abundance of caution, this Court has analyzed the substance of Defendant's Motion.

### A.    Firearm Possession

Defendant's claim that this Court was without jurisdiction is without merit.  Congress established the criminal jurisdiction of the district courts by statute. 18

U.S.C. § 3231 (2000). Additionally, Article I, Section 8 of the United States Constitution empowers Congress to define federal crimes and provide punishment for their commission, regardless of where they are committed. *See United States v. Worrall*, 2 U.S. (2 Dall.) 384, 394 (1798) ("[T]here is a power granted to Congress to create, define, and punish, crimes and offences, whenever they shall deem it necessary and proper by law to do so, for effectuating the objects of the government . . . ."); *United States v. Harris*, 498 F.3d 278, 290 (4th Cir. 2007) ("The Necessary and Proper Clause authorizes Congress '[t]o make all Laws which shall be necessary and proper for carrying into Execution' its Article I powers." (quoting U.S. Const. art. I, § 8, cl. 18)). The indictment in this case alleged that Defendant violated 18 U.S.C. §§ 922(g)(1), 924(c)(1), and 924(e). Because the indictment properly alleged offenses against the laws of the United States, the Court had jurisdiction over Defendant and the charged crime. Defendant's argument is therefore without merit.

Defendant's contention that there is no territorial jurisdiction is equally without merit. It is well-settled that criminal laws validly enacted by Congress may be prosecuted without regard to the territorial location of the crime's commission. *See Worrall*, 2 U.S. (2 Dall.) at 394; *Harris*, 498 F.3d at 290. Accordingly, a federal criminal statute's validity cannot be challenged on the basis of its geographic reach.

Finally, there was substantial evidence that Defendant possessed the firearm and threw it when he was fleeing from police officers. A defendant challenging the sufficiency of the evidence that was used to support a conviction bears "a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted). "[I]f the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994).

Given that there was sufficient evidence to support a verdict of guilty in this case, Defendant fails to make the required showing that his sentence was imposed in violation of the Constitution or the laws of the United States. The evidence showing that Defendant was a felon who illegally possessed a firearm was unmistakable: the police officer chasing Defendant saw him throw something into the bushes, (Tr. of Trial 37:13–14, 38:21–25, 42:14–18). Shortly thereafter the gun was found in the same area on top of the bushes. (Tr. of Trial 43:1–3, 44:12–14.) Defendant stipulated that he was a felon and that the gun had traveled in interstate commerce. (Tr. of Trial 6:8–13.) Therefore he was guilty of 18 U.S.C. §§ 922(g)(1), 924(c)(1), and 924(e). The jury understood this fact and acted accordingly.

### B.     Ineffective Assistance of Counsel

Additionally, Defendant's one-line statement regarding his counsel's effectiveness fails to show that his attorney's actions were unreasonable or how Defendant was prejudiced by any of his attorney's actions.

In order to prevail on a claim of ineffective assistance of counsel, Defendant must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690. With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. In order to satisfy the second prong of the *Strickland* test, Defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id*. at 694.  Failure to raise non-meritorious issues does not constitute ineffective assistance.  *See Smith v. Robbins*, 528 U.S. 259, 287–88 (2000).

As to the prejudice prong, Defendant has the burden to prove that the alleged deficiencies were in fact prejudicial to the outcome of the proceeding.  Yet, Defendant never explains how his attorney's alleged failure impacted the outcome of his case.

In sum, Defendant's claims are untimely and without merit.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Indictment for Lack of Jurisdiction is DENIED.

**IT IS SO ORDERED**.

                                                                          *G. Ross Anderson, Jr.*
                                                                          Senior United States District Judge

February 10, 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**