UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Demani Jawara Bosket, | ) | |
| | ) | |
| | ) | C/A No.: 8:11-cv-70053 |
| Petitioner, | ) | (Cr. No.: 8:07-cr-01362-GRA-1) |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Demani Jawara Bosket's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion"). This Court has thoroughly reviewed the § 2255 Motion, the case file, and all other records in this action and finds that a decision may be rendered on the § 2255 Motion without a hearing. For the reasons stated below, Petitioner's § 2255 Motion is DENIED, and Petitioner's associated motions for discovery and appointment of counsel are also DENIED. Respondent's Motion for Summary Judgment is GRANTED.

**Background**

On November 13, 2007, Petitioner was indicted for knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

At trial, the parties stipulated that Petitioner was a felon and that the weapon and ammunition traveled in and affected interstate commerce. (Tr. of Trial 6:8–13, May 27, 2008, ECF No. 94; *see also* Stipulations, ECF Nos. 44 & 45.) Thus, the only issue for the jury to decide was whether Petitioner possessed the weapon. On May 27, 2008, the jury found Petitioner guilty. On August 25, 2008, this Court sentenced Petitioner to ninety-six months imprisonment. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction. *See United States v. Bosket*, 356 F. App'x 648 (4th Cir. 2009) (ECF No. 115).

Petitioner filed the instant § 2255 Motion on March 17, 2011. This Court directed the Government to respond. The Government filed a Response and moved for Summary Judgment. This Court sent Petitioner a *Roseboro* order, explaining the summary judgment process, and Petitioner filed a Response to the Government's Motion and requested discovery and appointment of counsel.

### Standard of Review

Petitioner brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a

federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The liberal construction requirement means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

In his Memorandum in Support of his § 2255 Motion, Petitioner claims there is "a reasonable possibility" that the verdict in his trial would have been different had his attorney done the following:  1) requested an independent swab and DNA test, because there were concerns over the quality of the labs that did analyze the swab; 2) informed the jury that Petitioner ran, because he was afraid of being charged with driving under the influence; 3) informed the jury that Petitioner threw his jacket, not a gun, while running away from the officers; or 4) explained to the jury that if Petitioner had actually carried, handled, and tossed the gun then it was "more likely" than not that Petitioner's DNA would have been found on the gun.

In Petitioner's Response to the Government's Motion for Summary Judgment, Petitioner asserts additional grounds for relief: 5) counsel did not challenge how a safety inspection turned into a criminal investigation; 6) counsel did not move to

suppress "in light of the fact that there was no evidence connecting the petitioner to the allegedly recovered gun"; 7) counsel did not move to suppress even though the request by the officers to exit the vehicle was unlawful; 8) counsel stipulated that the gun traveled in interstate commerce without explaining what that meant to Petitioner; 9) the jury instructions were prejudicial because they instructed the jury that two of three elements had already been established; 10) the jury was never instructed on direct or constructive possession; 11) counsel did not challenge the court's jurisdiction; 12) counsel did not challenge the Government's decisions regarding what witnesses and exhibits to present; and 13) counsel failed to review and file objections to the pre-sentence report.

Defendant asserts that he should be released from custody or, in the alternative, be given a hearing in order to "verify the veracity of this Motion."

### A. Ineffective Assistance of Counsel

Petitioner's claims regarding his counsel's effectiveness fail to show that his attorney's actions were unreasonable or how Petitioner was prejudiced by any of his attorney's alleged acts or omissions.

To prevail on a claim of ineffective assistance of counsel, Petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The reviewing court "must

judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.

With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. Failure to raise non-meritorious issues does not constitute ineffective assistance. *See Smith v. Robbins*, 528 U.S. 259, 287–88 (2000). To satisfy the second prong of the *Strickland* test, Defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id*. at 694.

Regarding Petitioner's first, third, fourth, eighth, and ninth claims of ineffective assistance of counsel, Petitioner has not shown how his counsel's performance fell below an objective standard of reasonableness. As to the first claim, the gun was analyzed twice, each time by a different lab, (Tr. of Trial 96: 5–11, 97:11–20, 98:13–20, May 27, 2008, ECF No. 94), and neither lab found enough material on the DNA swabs to make a comparison, (*id.* at 101:1–6). Two certified labs had already found that there was not enough material to make a comparison, and, as Petitioner's attorney pointed out to the jury, "nothing on the DNA on that gun tie[d] that gun to" Petitioner. (*Id.* at 105:13–15.) Objectively, it was reasonable for Petitioner's attorney not to have a third lab analyze the gun a third time.

Regarding Petitioner's third claim. Petitioner asserts that his attorney failed to inform the jury that Petitioner threw his jacket when he fled from police and that to this day the "jacket has not been recovered and was not on the . . . inventory." (Pet.'s Mem. in Support 1–2, ECF No. 153-2.)  Petitioner references the Court to Exhibit A, which is the Booking Report. (*Id.*)  However, the personal property receipt portion of the document shows the words "jacket w[ith] pockets" written in on the left-hand side. Petitioner's attorney had no evidence that Petitioner's jacket was missing. Thus, counsel's decision not to argue facts that were not in evidence was not objectively unreasonable.

As to Petitioner's fourth claim, Petitioner mischaracterizes the testimony. Agent Lovin testified that out of the four cases involving DNA testing of firearms, none of the four had come back with a true comparison. (*Id.* at 99:21–100:3.) While Agent Lovin did go on to say that "DNA *may* have been obtained off the weapon" in some of the four cases, (*id.* at 100:8–12 (emphasis added)), he never states that all four of those cases came back positive for DNA. Therefore, there was nothing in the record that would have allowed counsel to explain to the jury that it was "more likely" than not that Petitioner's DNA should have been found on the gun if he had been in possession of it. Counsel's failure to argue this point was not objectively unreasonable.

Finally, as to Petitioner's eighth and ninth claims, Petitioner signed a form attesting to the fact that he was knowingly agreeing to stipulate that the gun

involved in the case traveled through interstate commerce and that he was a convicted felon. (Stipulations, ECF Nos. 44 & 45.) Petitioner's attorney informed the Court of both stipulations in front of Petitioner, and the Court told Petitioner and his attorney that it would inform the jury of those stipulations at the beginning of the trial. (Tr. of Trial, 6:8–15.) Petitioner did not raise any objections or concerns regarding these stipulations until after the jury found him guilty.

Petitioner's remaining claims of ineffective assistance of counsel fail to satisfy the second prong of the *Strickland* test because Petitioner fails to show how his defense was prejudiced.

Regarding Petitioner's second claim, Petitioner fails to show how his defense was prejudiced by counsel's acts and omissions. Petitioner's counsel did suggest to the jury that "[p]eople run for many reasons. You can run for simply being afraid, being in a situation that you don't know how it is going to turn out." (Tr. of Trial 122:22–24.) Petitioner has failed to show how his defense was prejudiced by his counsel failing to specifically argue that he ran out of fear of getting arrested for driving under the influence of alcohol.

Similarly, regarding Petitioner's fifth claim, testimony did in fact establish the investigation's progress from a routine traffic stop to an arrest and indictment for possessing a firearm while being a convicted felon. (*See* Tr. of Trial, 27:1–28:8, 32:4–46:11, 68:6–69:7, 70:21–78:19, and 93:5–93:15.) Petitioner fails to show how his defense was prejudiced.

As to Petitioner's sixth and seventh claims, Petitioner filed a *pro se* motion with the Court addressing these exact issues. (*See* Mot., ECF No. 29.) The Court considered these arguments and was unpersuaded. Thus, the outcome would not likely have been different if counsel, rather than Petitioner, had raised them. Additionally, this Court has already addressed Petitioner's eleventh claim and found it to be meritless, (Order, ECF 150); therefore, Petitioner has failed to establish the second prong.

As to Petitioner's tenth claim, Petitioner is mistaken. The Court *did* instruct the jury on actual and constructive possession. (*See* Tr. of Trial, 135:13–19 ("There are two kinds of possession, actual and constructive. To prove actual possession, the Government must show the defendant had physical possession of the firearm; that is, the defendant had physical and direct control over that revolver. To prove constructive possession, the Government must prove the defendant exercised dominion and control over the firearm.").)

Regarding Petitioner's twelfth claim, Petitioner's counsel could not control the Government's trial strategy. As to Petitioner's thirteenth claim, Petitioner was specifically asked during his sentencing hearing whether he had reviewed the presentence report and whether he had any objections. (Tr. of Sentencing 2:9–3:9, Aug. 25, 2008, ECF No. 95.) He stated that he had reviewed it and that he did not have any objections. (*Id.*) Additionally, Petitioner provides no information regarding what objections he would have raised regarding his presentence report and, as such,

has not proven how his defense was prejudiced by his attorney's failure to object.

In sum, Petitioner's claims are without merit.

### B. Associated Motions for Discovery and Counsel

Petitioner has filed two associated motions requesting discovery (ECF No. 166) and appointment of counsel (ECF No. 167) for this case.

Rule Six of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules Governing § 2255 Proceedings") states that a "judge may, for good cause, authorize a party to conduct discovery." For the reasons stated above, the Court does not believe there is good cause to authorize discovery in the form of having a third lab re-test the DNA swabs and obtaining expert testimony from another DNA expert. Therefore, Petitioner's Motion for Discovery is DENIED.

Under 18 U.S.C. § 3006A(a)(2), whenever a court determines that "the interests of justice so require," it can provide representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2255. Under Rule 8 of the Rules Governing § 2255 Proceedings, a court must appoint an attorney for a qualifying petitioner if it finds that an evidentiary hearing is warranted. The Court finds that an evidentiary hearing is not warranted in this case and DENIES the Motion for Appointment of Counsel.

**Conclusion**

Upon review of the § 2255 Motion, the record, the Government's Response, and Petitioner's Reply, this Court finds that an evidentiary hearing is not necessary, as Petitioner has not shown that he is entitled to relief. The Court declines to grant a certificate of appealability in this matter.[1]

IT IS THEREFORE ORDERED that Petitioner's § 2255 Motion (ECF No. 153), Motion for Discovery (ECF No. 166), and Motion to Appoint Counsel (ECF No. 167) are DENIED and Respondent's Motion for Summary Judgment (ECF No. 159) is GRANTED.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

June 6, 2011
Anderson, South Carolina

---

[1] Under the Rules governing Section 2254 and 2255 cases in the United States District Courts, a district court must issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).